UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RAMON GONZALEZ FIGUEROA,

    Plaintiff,

v.

JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, Ramon González Figueroa ("Plaintiff"), by and through undersigned counsel, and hereby sues Defendant JetBlue Airways Corporation ("JetBlue") ("Defendant") and alleges as follows:

### THE PARTIES

1. Plaintiff is a resident and citizen of the state of Florida.

2. At all times material hereto, Defendant was and is a Delaware corporation, with its principal place of business in New York.

3. Defendant is a commercial airline carrier in the business of providing transportation to passengers, operating daily flights between major cities within Florida and throughout the United States.

4. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay reasonable attorney's fees and costs for its services in this matter.

### JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars.

6. This Court has personal jurisdiction over JetBlue because JetBlue has engaged in substantial business activity in this District.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the cause of action alleged herein occurred in this District and the Defendant has engaged in substantial business activity in this District.

## FACTS

### *Plaintiff's Background*

8. Ramon González-Figueroa was born in Puerto Rico and raised in the greater New York City metropolitan area. He enlisted in the Army at the age of twenty, graduated from the State University of New York at Buffalo at the age of 22, and subsequently received his commission to the United States Army. From there, he served this country for twenty-three (23) years with honor and distinction. He continued his graduate education, earning two master's degrees in Business Administration and in National Security and Strategic Studies from the United States Naval War College.

9. In recognition of his distinguished service, Ramon González-Figueroa has received the Bronze Star Medal, Meritorious Service Medal, Joint Service Commendation Medal, Global War on Terrorism Expeditionary Service Medal, Iraq Campaign Medal, Joint Service Achievement Medal, the Army Achievement Medal and Army Reserve Component Achievement Medal, and the North Atlantic Treaty Organization (NATO) Afghanistan Medal.

10. Ramon González-Figueroa's sacrifices and service to this country (including many deployments to active combat zones in Afghanistan and Iraq, and other military service across the Middle East in Qatar, Kuwait, and Bahrain) span several decades and cannot be overstated.

11. In addition to his decorated military service, Ramon González-Figueroa served as a United States Secret Service agent and as an agent with the United States Department of Health and Human Services-Office of Inspector General for nearly eleven (11) years, trained and was given the authority to conduct complex criminal, civil, and administrative investigations on behalf of the United States Government. He has also been given the legal authority to provide dignitary protection to the nation's leaders both domestically and abroad.

12. Ramon González-Figueroa has passed, on multiple occasions, security and personal background checks for secret and top-secret clearance and undergone inquiries far more thorough and invasive than passengers who, for example, seek Global Entry, TSA Precheck, CLEAR, or other status designations required to bypass full scale security screenings at airports. He has been and is currently trusted with the nation's most special and sensitive programs.

13. Ramon González-Figueroa is also a devoted husband to his wife, who suffers from a permanent and debilitating medical condition that requires his assistance to perform certain daily life functions, including traveling on airplanes. He has, on several occasions, acted as the sole caregiver to his wife of over eight (8) years by guaranteeing a continuum of medical treatment and care. Ramon González-Figueroa has completed all of this while concurrently maintaining full-time employment as a federal law enforcement officer, and a United States Army Reserves commissioned officer with a top-secret security clearance for twenty-one (21) years.

*JetBlue*

14. According to its website: "From our first flight in 2000, JetBlue has been dedicated to inspiring humanity and creating the best travel experience possible—even when things don't go as planned."

15. JetBlue also claims that it has "signed on to the Airlines for America Passenger Accessibility Commitment and is proud to be among the member airlines committed to further improving the experience for customers with disabilities across the industry and to ensuring every customer feels welcome, comfortable, and valued."

16. JetBlue further alleges that it is "dedicated to ensuring the comfort and safety of every Customer including families traveling together."

*The Incident and JetBlue's Unlawful Actions against Plaintiff González-Figueroa*

17. Despite JetBlue's consistent affirmations of its dedication to its customers, the company has fallen woefully short of its promises.

18. Ramon González-Figueroa's life was turned upside down on July 18, 2022. That day, on JetBlue Flight 1579 from Ronald Reagan International Airport to Fort Lauderdale International Airport, Florida, Ramon González-Figueroa was wrongfully accused of not complying with instructions from JetBlue's in-flight crew regarding stowing his wife's dog and notifying the crew that he was lawfully armed.

19. Prior to July 18, 2022, Plaintiff purchased a ticket from Defendant to travel on JetBlue Flight 1579.

20. As per protocol and compliance, Plaintiff, prior to boarding, made appropriate notifications regarding the fact that he was a legally armed federal law enforcement officer.

21. The communication of that information was interpreted as being inappropriate under the circumstances and landed Plaintiff on JetBlue's uninvited to fly ("UTF") list, indefinitely.

22. Plaintiff did not violate any rules or regulations related to conduct aboard a JetBlue flight and did nothing to warrant being placed on the UTF list. JetBlue's version of the events at issue are wholly without merit.

23. JetBlue's arbitrary, capricious, and negligent decision to place Plaintiff on the UTF list was made despite the fact that JetBlue's internal documents regarding the incident indicate that Plaintiff was "not attempting to intimidate the crew."

24. JetBlue's arbitrary, capricious, and negligent decision to place Plaintiff on the UTF list has had a cascading and draconian effect on his life, including his employment status with the United States government. Plaintiff's inability to fly with JetBlue, indefinitely, has essentially ended his career as he knew it, depriving him of a pension that he has earned over decades.

## COUNT I – NEGLIGENCE

25. Plaintiff adopts and realleges the allegations contained in paragraphs 1-24 as fully set forth herein.

26. JetBlue, as a common carrier, owed a duty of care to Plaintiff.

27. JetBlue, as a common carrier and one of a finite number of airlines operating in the United States, owed a duty of care to Plaintiff to ensure that decisions made with respect to his ability to travel on JetBlue flights were made with the requisite level of deliberation and due diligence.

28. Instead of exercising the level of deliberation and due diligence required under the circumstances, JetBlue breached its duty to Plaintiff by making an arbitrary and capricious decision to place him on the UTF list indefinitely and without just cause.

29. Plaintiff did not engage in any actions, activity, discourse, or otherwise to justify the harsh, unjustified, and disproportionate actions taken against him.

30. As a direct and proximate cause of JetBlue's actions, Plaintiff has suffered and continues to suffer substantial harm.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs and any other relief this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury of all issues so triable.

July 3, 2024

Respectfully Submitted,

LOMAX LEGAL PLLC
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Facsimile: 305.503.6897

/s/ Christopher M. Lomax
**Christopher M. Lomax Esq.**
Florida Bar No. 56220
Chris@LomaxLegal.com

6