UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61178-CIV-SINGHAL/STRAUSS

RAMON GONZALEZ FIGUEROA,

    Plaintiff,

v.

JETBLUE AIRWAYS CORPORATION,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (DE [17]). The Motion was referred to Magistrate Judge Jared M. Strauss for a Report and Recommendation on October 28, 2024 (DE [23]). Judge Strauss issued a Report and Recommendation on December 18, 2024, recommending that the Motion be granted (DE [30]). Plaintiff filed its Objections to Report and Recommendation on January 2, 2025. (DE [31]) ("Objections"). Defendant filed its Response in Opposition to Plaintiff's Objections to Report and Recommendation on January 16, 2025. (DE [32]) ("Response to Objections").

### I.    BACKGROUND

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Strauss. This Court adopts Judge Strauss's description of the factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [30]) and incorporates that background by reference herein. Suffice it to say, the Court is not unsympathetic to Plaintiff's claim, but the decision today

is based on the threshold preemption argument, not on whether Defendant made the correct decision in its treatment of Plaintiff.

In the Motion, Defendant moved to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to state a ground upon which relief could be granted. (DE [17]), p. 1). Defendant contends that Plaintiff's claim is pre-empted under the Airline Deregulation Act ("ADA") and that even if Plaintiff could bring forth this claim, he would need to meet the burden of proof greater than the arbitrary and capricious standard he articulates. (DE [17]), p. 3-4). In the Report, Judge Strauss finds that Plaintiff's claim is pre-empted under the ADA. (DE [30], p. 11).

Plaintiff objected to the Report for several reasons. First, he argues that his claim did not involve a service as provided under the ADA. (DE [31], p. 3). Second, he contends Judge Strauss's proposed dismissal of the claim is premature since it is based on an affirmative defense. (DE [31], p. 4). Third, he notes that if this Court does choose to dismiss the claim it should be without prejudice and with leave to amend. (DE [31], p. 5-6). In its Response to Objections, Defendant addresses and denies the substance of Plaintiff's Objections. (DE [32]). This Court will review these arguments in turn.

## II.     STANDARDS OF REVIEW

### A.     Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report,

as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

B. <u>Motion to Dismiss</u>

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III.     DISCUSSION

A. <u>The ADA Preempts Plaintiff from Bringing His Claim.</u>

The ADA aims "to provide efficiency, innovation, and low prices," "placing maximum reliance on competitive market forces and on actual and potential competition to provide the needed air transportation system." 49 U.S.C. §§ 40101(a)(6), (12)(A). Under the Act, a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to* a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1) (emphasis added). The inclusion of this preemption provision helps "to ensure that the States would not undo the anticipated benefits of federal deregulation of the airline industry." *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 374 (1992) (holding that the ADA preempted the enforcement of state consumer laws to regulate the air industry).

To determine whether the ADA preempts Plaintiff from bringing this action, this Court must first decide whether Plaintiff's claim amounts to an "'enact[ment] or enforce[ment] [of] any law, rule, regulation, standard, or other provision having the force and effect of law' within the meaning of [the ADA pre-emption provision]." *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 281 (2014) (holding that plaintiff's claim for breach of implied covenant of good faith and fair dealing was pre-empted under the ADA) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228-229 (1995)). Next, this Court must "determine whether respondent's breach of implied covenant claim 'relates to' 'rates, routes, or services.'" *Id.* at 284.

To begin, this Court will address the first part of this test. "[T]he phrase 'other provision having the force and effect of law' includes common-law claims." *Id.* Plaintiff

brings a claim under Florida's common law of negligence. (Compl., (DE [1]), p. 5). Accordingly, Plaintiff's claim constitutes a "law, regulation, or other provision having the force and effect of law, and Plaintiff does not appear to dispute this fact. 49 U.S.C. § 41713(b)(1).

Next, this Court must decide whether Plaintiff's claim "is related to" the "service of an air carrier." 49 U.S.C. § 41713(b)(1). The Supreme Court has interpreted the phrase "related to" as expressing a "broad pre-emptive purpose." *Ginsberg*, 572 U.S. at 273 (citing *Morales*, 504 U.S. at 383). The Supreme Court has not yet defined the term "service of an air carrier." 49 U.S.C. § 41713(b)(1). Courts of appeals have interpreted the statute differently. *Compare Hodges v. Delta Airlines, Inc.* 44 F.3d 334, 336 (5th Cir. 1995) (defining services "broadly"),[1] *with Charas v. Trans World Airlines, Inc*. 160 F.3d 1259, 1265-66 (9th Cir. 1998) (defining services "narrowly"). The 11th Circuit adopted the 5th Circuit's definition of "services," finding that:

> 'Services' generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and broadly to protect from state regulation.

---

[1] This Court notes that the 11th Circuit was formed in 1981 after it was split from the 5th Circuit. *Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1207 (11th Cir. 1981). While only 5th Circuit decisions handed down prior to the separation are binding in this Circuit, this Court acknowledges this historic relationship.

*Branche v. Airtran Airways, Inc.,* 342 F.3d 1248, 1256–57 (11th Cir. 2003) (quoting *Hodges,* 44 F.3d at 336). Further, this Court acknowledges that the ADA does not preempt all state tort claims. *See, e.g. Branche*, 342 F.3d at 1258 ("Unsurprisingly, airlines do not compete on the basis of likelihood of personal injury.").

"This focus on the bargained-for aspects of air carrier service is perfectly consistent with the ADA's purpose of promoting competition within the airline industry; air carriers compete in only a limited range of contexts, e.g., fares, routes, timing, etc., which constitute the bargained-for elements of its service." *Branche,* 342 F.3d at 1255–56. The Eleventh Circuit has ruled that "ticketing" and "the transportation itself" are "elements of an air carrier service bargain." *Id*. at 1257 (quoting *Hodges,* 44 F.3d at 336). The Supreme Court has found that "access to flights" falls within the ambit of services. *Ginsberg*, 572 U.S. at 284.

Here, Defendant's choice to place Plaintiff on its uninvited to fly ("UTF") list relates directly to "ticketing" and the "transportation itself." *Id.* at 1257. Defendant's decision to place Plaintiff on its UTF list determines whether Plaintiff even has "access to flights." *Ginsberg*, 572 U.S. at 284. Accordingly, the ADA preempts Plaintiff from bringing his claim.

Plaintiff's main argument against federal preemption of his claim is based on the 11th Circuit's decision in *Xiaoyun Lucy Lu v. AirTran Airways*. *See* (DE [31], p. 3-4) (citing 631 F. App'x 657 (11th Cir. 2015)). In *Lu*, plaintiff was removed from a flight after a disagreement arose over a leaking air vent and plaintiff's cellphone use. *Lu*, 631 F. App'x at 659. The 11th Circuit affirmed the district court's findings and held, among other things,

that plaintiff in *Lu* failed to plausibly state a claim for removal. *Id.* at 662. Plaintiff asserts this action involves "the type of situation, i.e., a removal, that is not classified as a service as explained by the 11th Circuit in *Lu* because 'it is improbable that customers discern between the procedures for removal for failure to comply with FAA regulations.'"[2] (DE [31], p. 4) (quoting *Lu*, 631 F. App'x at 661 n.3).

This Court disagrees with Plaintiff's assertion that this action is "akin to removal claims." (DE [31], p. 3). Here, Plaintiff was not removed during the flight. Rather, Defendant placed his name on its UTF list *after* the flight concluded. (DE [1], ¶¶ 27-28). This Court treats *Lu's* consideration as to "whether customers discern between the procedures for [placing a passenger on an airline's UTF list]" as a persuasive authority. 631 F. App'x at 661 n.3.[3] This remark does not establish a legal standard that informs this Court's preemption analysis. Rather, this Court finds that *Branche*'s definition of "services" informs our decision-making, *see* 342 F.3d at 1255–56, and, under this definition, *see infra p. 6*, Plaintiff is preempted from bringing his claim.

B. This Court May Rule at the Motion to Dismiss Stage.

Plaintiff argues "it is inappropriate to rule on the affirmative defense of preemption at the motion to dismiss stage unless 'the defense clearly appears on the face of the complaint.'" (DE [31], p. 4 (quoting DE [30], p. 4)). First, the Court acknowledges, and

---

[2] This Court notes that Plaintiff's argument relies on dicta contained in a footnote in the 11th Circuit's unpublished decision in *Lu*.

[3] Accepting the dicta in *Lu* as persuasive, this Court emphasizes that it adopts a broad definition of services. *See infra* p. 5. For example, while many customers' decision to fly with an airline may not be motivated by the choice of available snacks that does not mean that these offerings are not considered services. *See Branche*, 342 F.3d at 1256 ("Elements of the air carrier service bargain include … provision of food and drink"). Thus, this comment references only one of several considerations this Court accounts for in determining whether an airline's action is "related to" the "service of an air carrier" under the ADA. 49 U.S.C. § 41713(b)(1).

Plaintiff does not appear to dispute, that the law treats preemption as an affirmative defense. *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 (11th Cir. 2003) ("Ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint. Such a defense asserts that the state claims have been substantively displaced by federal law."). Plaintiff maintains that more fact-finding is needed before this Court can make this determination, (DE [31], p. 5), but the Court disagrees.

"Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g,* 764 F.2d 1400 (11th Cir. 1985).

Plaintiff cites to *Zamber v. American Airlines* to support its claim. *See Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289, 1302 (S.D. Fla. 2017) ("Determining whether [plaintiff's] claims have an impermissible effect on [defendant's] prices or services is an inherently factual question; evidence is required to determine whether and how [p]laintiff's claim would have such an effect."). In *Zamber*, the Court needed to glean the impact of plaintiff's travel insurance policy on American Airline's prices and services to then determine whether the ADA applied. *Id*. The Court points out that Plaintiff's presence on Defendant's UTF list does not present an "inherently factual question." *Id*.

Here, the Court need not defer its ruling until the summary judgment stage because the contractual relationship between Plaintiff and Defendant is at the center of the dispute. Here, there is no question of degree prompting an "inherently factual" inquiry.

*Id*. By placing Plaintiff on a UTF list, Defendant prohibited Plaintiff from using its services. Accordingly, the question of whether the ban would be considered a service under the ADA is a legal one, and the matter is ripe for ruling.[4]

C.  This Case is Dismissed with Prejudice

Plaintiff asserts that if this Court choses to dismiss this case it should do so without prejudice "given the early stages of this case and that Plaintiff has not yet had an opportunity to amend his complaint." (DE [31]), p. 6). Rule of 15 of the Federal Rules of Civil Procedure provides that a plaintiff can amend his complaint twenty-one days after serving it. Fed. R. Civ. P. 15. Plaintiff served Defendant on July 11, 2024. (DE [8]). The deadline to amend has passed, and Plaintiff has had ample opportunities to respond to the Motion.

IV.    **CONCLUSION**

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [30]) is **AFFIRMED** and **ADOPTED.** Plaintiff's Motion to Dismiss Counterclaim (DE [17]) is **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (DE [30]) are **OVERRULED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of February 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

---

[4] This Court also recognizes that courts have dismissed ADA cases based on preemption at the motion to dismiss stage countless times. *See, e.g., Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 Fed. Appx. 657 (11th Cir. 2015) (affirming dismissal of complaint where plaintiff failed to state a claim for wrongful removal); *see also Cintron v. JetBlue Airways Corp.*, 324 F.Supp.3d 248 (D. Mass. 2018) (dismissing complaint brought under the ADA at the motion to dismiss stage where defendant removed plaintiff from aircraft).

Copies furnished counsel via CM/ECF